In the Matter of the Judicial Settlement of the Account of THE
FARMERS' LOAN AND TRUST COMPANY, as Trustee under the Last
Will and Testament of ISRAEL CORSE, Deceased, Respondent.

ISRAEL CORSE, Appellant; EDWIN THORNE, as Executor, etc., of
ELIZA L. SAUNDERS, Deceased, and KATHARINE CORSE INGERSOLL,
Respondents.

Second Department, April 19, 1907.

**Will — trust construed — remainder contingent on death without issue.**

A will by which a testator places property in trust with the income to S. for life
and at her death the principal and accrued interest, if any to go to C., but in the
event of the death of C. without issue "after the demise of" said S. then the
fund to go to K.C., must be construed to vest K.C. with an estate in expectancy
which will ripen into an absolute estate in the event of C. dying without issue.

Although as a general rule where a devise in fee is followed by a gift over on
the death without issue of the first devisee, the death referred to will be pre-
sumed to be death in the lifetime of the testator; the rule has no application
when the will contains language showing an intention to the contrary.

Such interest as accrues between the last payment to the life tenant and her
death goes to her executor.

APPEAL by Israel Corse (referred to in the will of Israel Corse,
deceased, as Israel Corse, Jr.) from certain portions of a decree of the
Surrogate's Court of the county of Suffolk, entered in said Surro-
gate's Court on the 17th day of May, 1906.

*George M. Pinney, Jr.,* and *Aaron C. Thayer,* for the appellant.

*George M. Thompson,* for the respondent Thorne, as executor.

*Philip E. Connell* and *Philip H. Adee,* for the respondent
Ingersoll.

Decree of the Surrogate's Court of Suffolk county, in so far as
appealed from, affirmed, with costs, on the opinion of the surrogate.

HIRSCHBERG, P. J., WOODWARD, RICH and MILLER, JJ., concurred.

The following is the opinion of the surrogate:

BELFORD, Surrogate:

The 3d clause of the will of Israel Corse, who died in the month
of July, 1885, provides as follows:

App. Div.]  Second Department, April, 1907.

"I do give and bequeath to the Farmers' Loan and Trust Company of New York City, in trust nevertheless, ten first mortgage bonds of One Thousand Dollars each, and which are a lien on any division or branch road of the Chicago, Milwaukee and St. Paul Railway Company, bearing six per cent. interest, for the following named persons, uses and purposes, viz.: To pay said interest or income thereof to my niece Eliza L. Saunders of Flushing, Long Island, during the period of her life, and at her demise with respect to the principal of this fund and accrued interest thereon, if any, I do give and bequeath the same to my namesake, Israel Corse, Junior, the son of the late Frederick Corse, of Flushing, Long Island. In event of the death of said Israel Corse, Junior, without leaving issue *after the demise* of said Eliza L. Saunders, then I do give and bequeath this trust fund to my grandniece Katharine Corse Saunders."

Eliza L. Saunders, the life beneficiary, died on or about the 11th day of November, 1905, and the Farmers' Loan and Trust Company, the trustee named in the will, now prays for a judicial settlement of its account, and for a construction of the clause of the will above recited. There is no dispute as to the facts in the case. The sole issue raised is as to the present disposition of the fund held by the trustee, the counsel for Israel Corse, Jr., contending that the words "in event of the death of said Israel Corse, Junior," refer to a death in the lifetime of the life beneficiary and that he, having survived Eliza L. Saunders, is now entitled to receive the principal of the trust, with accumulated interest thereon, free from any claim whatever on behalf of Katharine Corse Ingersoll; while counsel for Katharine Corse Ingersoll contend that the estate of Israel Corse, Jr., with respect to the principal of the trust is a conditional or defeasible fee, liable to be divested by his death hereafter without issue surviving him; that Katharine Corse Ingersoll now has a contingent interest, or estate in expectancy, in the principal which will ripen into an absolute estate in the event of the death of Israel Corse, Jr., without issue.

Had the language of the will been "in the event of the death of Israel Corse, Jr., without leaving issue," the case would present little or no difficulty, for under these circumstances the well-settled rule of construction that where there is a devise or bequest to one

person in fee followed by a gift over in the event of the death without issue of the first devisee or legatee, the death referred to will be presumed to be a death in the lifetime of the testator would apply.

But this testator goes further. He adds to this provision the very significant words "*after* the demise of said Eliza L. Saunders," so that the entire provision is made to read, "In event of the death of said Israel Corse, Junior, without leaving issue after the demise of said Eliza L. Saunders, then I do give and bequeath this trust fund to my grandniece, Katharine Corse Saunders (Ingersoll)." It is quite apparent that testator intended to make some provision for Katharine Corse Ingersoll upon the happening of the death of Israel Corse, Jr., without issue. And the plain, obvious language of the will fixes the time at which this contingency may arise as "*after* the demise of said Eliza L. Saunders." No statutory rule of construction should be invoked when the language of the will itself is clear and unambiguous. It is far safer in the construction of testamentary instruments to give to words their plain, obvious and universally accepted meaning, than to embark upon a sea of speculation as to the probable sense in which the testator used the words. I am unable to understand how by any refinement of construction "*after*" the demise of Eliza L. Saunders can come to mean "before" her demise. And yet that is practically what I must hold if the contention that Israel Corse, Jr., now takes an absolute estate in this fund is to prevail. The cases of *Avery* v. *Everett* (110 N. Y. 317) and *Matter of Cramer* (170 id. 271) seem to me to be controlling in this case. In the latter case Judge BARTLETT, after referring to the well-established rule of construction that " where there is a devise to one person in fee, and in case of his death to another, the contingency referred to is the death of the first named devisee during the lifetime of the testator, and that if such devisee survives the testator he takes an absolute fee," goes on to say, " This rule is, however, subject to several important exceptions, one of which is that it has no application if the will contains language from which a contrary intention on the part of the testator can be ascertained."

Nothing could be clearer than the language in the case at bar. It certainly requires no strained effort of construction to interpret these words. He *says* a death without issue "*after* the demise of

said Eliza L. Saunders." Why not construe this that testator *meant* what he *said?* Why construe it to mean something which he did *not* say? I, therefore, decide that Israel Corse, Jr., took, upon the testator's death, a vested remainder in fee, limited upon the life estate of Eliza L. Saunders in the fund, subject, however, to be defeated by a condition subsequent, viz., the death of Israel Corse, Jr., without issue at any time after the death of Eliza L. Saunders, in which event the substituted remainder given in that contingency to Katharine Corse Ingersoll will vest in possession.

The decree should direct that the Farmers' Loan and Trust Company continue to hold the fund and pay the income therefrom to Israel Corse, Jr., or if Israel Corse, Jr., elects to take the fund he should be permitted to do so upon giving security in the shape of a bond, with sureties to be approved by the surrogate, conditioned for the payment of the fund to Katharine Corse Ingersoll upon his death without issue.

I further decide that such interest as accrued between the last payment of interest to Eliza L. Saunders on July 1, 1905, and the date of her death, November 11, 1905, is properly payable to Edwin Thorne, the executor of her will.

Decreed accordingly.